UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LUIZ COSTA SOARES,<br><br>Petitioner,<br><br>v.<br><br>KEVIN McALEENAN, Acting Secretary of the Department of Homeland Security, et al.,<br><br>Respondents. | Case No. 5:19-cv-01418-ODW-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the "Application for Issuance of Order to Show Cause Pursuant to 28 U.S.C. § 2243" (including the attachment thereto) and the subsequent submissions made by petitioner, all of which the Court collectively construes to be a Petition for Writ of Habeas Corpus under 28 U.S.C. section 2241 ("Petition"), all of respondent's submissions, and all of the records herein, including the September 9, 2019 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), petitioner's reply to respondent's update re status of removal filed on September 12, 2019 (Docket No. 19), petitioner's objections to the Report and Recommendation filed on September 30, 2019 and October 4, 2019 (which

are identical in substance) (Docket Nos. 23, 25, the "Objections"), and respondent's response to the Objections filed on October 29, 2019 (Docket No. 30).

The Court has made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

Petitioner suggests that the Report and Recommendation's reference to petitioner's claim of citizenship as for "derivative citizenship" – where he asserts that his claim is for "acquired citizenship" under 8 U.S.C. § 1409(a)) – is evidence that the Magistrate Judge did not pay attention to detail. (Objections at 2, 8). Derivative citizenship applies where, as here, one alleges "acquisition of U.S. citizenship by a child born abroad, when one parent is a U.S. citizen, the other, a citizen of another nation." See Sessions v. Morales-Santana, 137 S. Ct. 1678, 1686 (2017) (citing, *inter alia*, 8 U.S.C. § 1409(a)); see also Tiznado-Reyna v. Barr, 753 Fed. Appx. 431 (9th Cir. 2019) (observing that if petitioner proved that his father was born in the United States, it would have entitled to petitioner to "derivative citizenship" under 8 U.S.C. §§ 1401(g), 1409(a)). There is nothing in the Report and Recommendation suggesting that the Magistrate Judge did not carefully consider petitioner's claims in making the recommendations therein. Additionally, as noted above, the undersigned has reviewed all of the submissions in this case in reaching this decision.

For the reasons detailed in the Report and Recommendation, the Court agrees that requiring prudential exhaustion of petitioner's challenge to the legality of his detention is appropriate in this case. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017).

IT IS THEREFORE ORDERED that the Petition is denied and this action is dismissed without prejudice. The Clerk shall enter judgment accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on petitioner and counsel for respondent.

IT IS SO ORDERED.

DATED: October 31, 2019

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE